IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN AND KELLIE KAMINSKI

    Plaintiffs,                        2:12-cv-363
                                             **ELECTRONICALLY FILED**

    v.

MYDATT SERVICES INC, et al.

    Defendants.

## MEMORANDUM OPINION RE: DEFENDANT ROSS TOWNSHIP'S MOTION TO DISMISS (DOC. NO. 23)

**I. Introduction**

    Presently before the Court is Defendant Ross Township's Motion to Dismiss Plaintiffs John and Kellie Kaminski's ("Plaintiffs'") Amended Complaint. Doc. No. 23. The parties' dispute centers on the actions of Gregory Lattera and Officer Joseph Serowik ("individual Defendants") toward Plaintiff John Kaminski on November 26, 2010. On March 23, 2012, Plaintiffs filed suit in this Court based on the federal questions involved and this Court's supplemental jurisdiction. Doc. No. 1. Plaintiffs subsequently filed an Amended Complaint. Doc. No. 22

    Count VII of the Amended Complaint alleges that, *inter alia*, Ross Township Police Department violated Plaintiffs' civil rights, in violation of 28 U.S.C. § 1983. Doc. No. 22, ¶¶ 147-165. Count VIII of the Amended Complaint further alleges that Ross Township was negligent in its training and supervision of Serowik After careful consideration of the Motion to Dismiss (Doc. No. 23), Brief in Support (Doc. No. 24), and Plaintiffs' Response thereto (Doc.

1

No. 28), and for the reasons that follow, Defendant's Motion to Dismiss (Doc. No. 23) will be **GRANTED**.

.

## II. Factual Background

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the Amended Complaint as true and draws all reasonable inferences in favor of Plaintiffs. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking Plaintiffs' factual allegations to be true for the purposes of this Memorandum Opinion, the facts of this case are as follows:

On November 26, 2010, Defendant Lattera, an employee of Mydatt (who had a contract to provide security at Ross Park Mall), was directing traffic at the intersection of Old McKnight Rd. and Cheryl Dr. Doc. No. 22, ¶¶ 27-40. Plaintiff John Kaminski, with Plaintiff Kellie Kaminski as a passenger, made a turn without waiting for a signal from Defendant Lattera. Id., ¶ 42. Defendant Lattera struck the rear passenger door of Plaintiffs' car as it was proceeding through the intersection. Id., ¶ 44. Defendant Lattera falsely broadcasted a report to other Ross Park Mall security guards and the Ross Township Police that he had been struck by Plaintiffs' car. Id., ¶ 46.

Defendant Lattera falsely identified himself as a police officer to Plaintiffs and told Plaintiff John Kaminski he was under arrest. Id., ¶ 51. When Plaintiff John Kaminski asked Defendant Lattera for identification, Defendant Laterra placed him in a choke hold, threw him up against a car, and otherwise assaulted him. Id., ¶¶ 52-53. Defendant Serowik, who was working an extra security detail for Ross Park Mall, arrived on scene and used a taser on the unarmed and subdued Plaintiff John Kaminski. Id., ¶¶ 57-60. Defendant Lattera admitted that he had

2

fabricated the story about being assaulted because he was cold, sore, and tired. Id., ¶ 76. On December 8, 2010, Defendant Lattera was charged with, *inter alia*, false imprisonment, simple assault, unlawful restraint, harassment, impersonating a public servant, and filing a false report to law enforcement. Id., ¶ 8.

**III. Standard of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twomley*, 550 U.S. at 563 n.8.

**IV. Discussion**

   *A. Plaintiffs Have Not Pled Sufficient Facts for a § 1983 Claim*

   *1. Failure to Supervise*

"To succeed on a § 1983 claim, a plaintiff must show that the defendant, acting under color of state law, deprived him of a federal right." *Woods v. Grant*, 381 F. App'x.144, 146 (3d Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "To establish municipal liability, a plaintiff must: (1) identify a policy or custom; (2) attribute the policy to a municipal defendant; and (3) demonstrate a causal connection between the policy and the constitutional violation."

4

*Brown v. City of Pittsburgh*, 2007 WL 320833 (W.D. Pa. Jan. 30, 2007) (McVerry, J) (citing *Kranson v. Valley Crest Nursing Home*, 755 F.2d 46, 51 (3d Cir. 1985)). "To satisfy the pleading standard, [plaintiffs] must identify a custom or policy [of the governmental authority], and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

Plaintiffs' Amended Complaint only cites one alleged policy of Defendant that would subject Defendant to liability under § 1983. Paragraph 151 of the Amended Complaint alleges that it was a policy of Ross Township to allow its police officers to work as security guards for outside companies. Assuming this policy exists, it does not satisfy the third prong of the test articulated by the United States Court of Appeals in *Kranson*. The policy of allowing police officers to perform extra work as security guards does not have a causal connection with the alleged violation of Plaintiffs' constitutional rights. The only causal connection between the policy and Officer Serowik being present at the scene is that his work did not violate policy. The alleged policy had no impact on how Officer Serowik responded once he was on scene.

Also, police officers around the country routinely work such security jobs. Holding municipalities liable solely because of such a policy would discourage municipalities from allowing their officers to perform outside security. The remainder of the Amended Complaint is conclusory allegations that Defendant failed to supervise Serowik and does not demonstrate a causal connection between the Township's policy and Defendant's alleged constitutional violation.

### 2. Failure to Train

"[A] municipality is only liable for failing to train when that "failure amounts to deliberate indifference to the [constitutional] rights of persons with whom the police come in

contact." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (internal quotation marks omitted)(second alteration in original)(citation omitted). "Plaintiff must identify a failure to provide specific training that has a causal nexus to his injuries and must show that the absence of such training reflects deliberate indifference by the [Ross] to whether the constitutional violation occurred. *Brown*, 2007 WL 320833, *5 (citing *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir.1997)). Plaintiffs argue that the Amended Complaint includes facts which "illustrate[] its deliberate indifference to the rights of individuals." Doc. No. 28, 8. However, the only "facts" Plaintiffs allege are that Officer Serowik exercised bad judgment when he deployed his taser and assessed the situation at Ross Park Mall. See id. These facts, when taken as true, do not rise to the level of deliberate indifference as required by *Woloszyn*.

In sum, Plaintiffs have not demonstrated sufficient facts to support a failure to train claim.

### B. Ross Township is Immune from the Negligent Training and Supervision Claims

Defendant construes Count VIII as a claim under 28 U.S.C. § 1983. However, the § 1983 claim is pled in Count VII of the Amended Complaint. Plaintiffs' Response (Doc. No. 28) begins by reciting Defendant's argument that Count VIII is a § 1983 claim; however, the rest of the Response continually refers to Count VIII as a negligence claim, and not a § 1983 claim. Id., 11-12. The Court finds that Count VIII is a common law claim for negligent training and supervision. Defendant argues that it is immune from such negligent claims. Doc. No. 24, 4. 42 Pa.C.S. § 8542(b) provides the eight instances in which Pennsylvania has waived its sovereign immunity. Negligence claims are not among the enumerated list, and thus Pennsylvania has not waived its sovereign immunity with respect to such claims. *Pahle v. Colebrookdale Twp.*, 227

F.Supp.2d 361, 367-68 (E.D. Pa. 2002). Accordingly, Ross Townships, as a political subdivision of Pennsylvania, is immune from the negligent training and supervision claims in Count VIII.

**V. Conclusion**

In sum, Plaintiffs have not pled sufficient facts for a § 1983 claim in Count VII and Ross Township is immune from the negligence claims in Count VIII.

Accordingly, Defendant's Motion to Dismiss (Doc. No. 25) will be **GRANTED.**

An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties