IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN AND KELLIE KAMINSKI

Plaintiffs,

v.

MYDATT SERVICES INC, et al.

Defendants.

2:12-cv-363
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION RE: DEFENDANTS' MOTION TO DISMISS (DOC. NO. 25)**

## I. Introduction

Presently before the Court is Defendants Simon Property Group, Inc., Penn Ross Joint Venture, and Mydatt Services, Inc.'s ("corporate Defendants'") Motion to Dismiss Plaintiffs John and Kellie Kaminski's ("Plaintiffs'") Amended Complaint. Doc. No. 25. The parties' dispute centers on the actions of Gregory Lattera and Officer Joseph Serowik ("individual Defendants") towards Plaintiff John Kaminski on November 26, 2010. On March 23, 2012, Plaintiffs filed suit in this Court based on the federal questions involved and this Court's supplemental jurisdiction. Doc. No. 1.

On April 25, 2012, corporate Defendants filed a Motion to Dismiss Counts V and VI of the Complaint because: (1) Lattera was not acting within the scope of his employment; (2) Serowik was not an employee of corporate Defendants; and (3) the Complaint did not allege sufficient facts to demonstrate that corporate Defendants knew, or should have known, that individual Defendants posed a risk of harm to third parties. Doc. No. 18, 4. Plaintiffs then filed an Amended Complaint. Doc. No. 22.

Counts V and VI of the Amended Complaint allege that Mydatt, Penn Ross Joint Venture, and Simon Property Group negligently hired, trained, and supervised Defendant Lattera. Doc. No. 22, ¶¶ 124-146. Count VI of the Amended Complaint further alleges that Penn Ross Joint Venture and Simon Property Group negligently hired, trained, and supervised Serowik and Mydatt. Id., ¶¶ 136-146.[1] Corporate Defendants filed a renewed Motion to Dismiss. Doc. No. 25. After careful consideration of the Motion to Dismiss (Doc. No. 25), Brief in Support (Doc. No. 26), Plaintiffs' Response in Opposition (Doc. No. 29), and Reply Brief (Doc. No. 30), and for the reasons that follow, Defendants' Motion to Dismiss (Doc. No. 25) will be **GRANTED in PART and DENIED in PART**.

## II. Factual Background

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the Amended Complaint as true and draws all reasonable inferences in favor of Plaintiffs. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking Plaintiffs' factual allegations to be true for the purposes of this Memorandum Opinion, the facts of this case are as follows:

On November 26, 2010, Defendant Lattera, an employee of Mydatt (who had a contract to provide security at Ross Park Mall), was directing traffic at the intersection of Old McKnight Rd. and Cheryl Drive. Doc. No. 22, ¶¶ 27-40. Plaintiff John Kaminski made a turn without waiting for a signal from Lattera. Id., ¶ 42. Lattera struck the rear passenger door of Plaintiffs' car as it was proceeding through the intersection. Id., ¶ 44. Lattera falsely broadcast a report to

[1] The other Counts are against Defendants who separately moved to dismiss the Amended Complaint (Doc. No. 23) or did not move to dismiss the Amended Complaint, and thus are not addressed in this Memorandum Opinion.

other Ross Park Mall security guards and the Ross Township Police that he had been struck by Plaintiffs' car. Id., ¶ 46.

Lattera falsely identified himself as a police officer to Plaintiffs and told John Kaminski he was under arrest. Id., ¶ 51. When John Kaminski asked Lattera for identification, Laterra placed him in a choke hold, threw him up against a car, and otherwise assaulted him. Id., ¶¶ 52-53. Serowik, who was working an extra security detail for Ross Park Mall, arrived on scene and used a taser on the unarmed and subdued John Kaminski. Id., ¶¶ 57-60. Lattera admitted that he had fabricated the story about being assaulted because he was cold, sore, and tired. Id., ¶ 76. On December 8, 2010, Lattera was charged with, *inter alia*, false imprisonment, simple assult, unlawful restraint, harassment, impersonating a public servant, and filing a false report to law enforcement. Id., ¶ 8.

**III. Standard of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twomley*, 550 U.S. at 563 n.8.

**IV. Discussion**

**A. Corporate Defendants Can be Held Liable for Acts of Lattera**

Corporate Defendants first argue they cannot be held liable for the acts of Defendant Lattera because he was not acting within the scope of his employment. Doc. No. 26, 4-6. "The determination of whether a person was acting within the scope of his employment is typically a question for the jury." *Costa v. Roxborough Memorial Hosp.*, 708 A.2d 490, 493 (Pa. Super. 1998); *Keifer v. Reinhart Foodservices, LLC*, 2012 WL 368047, *15 (W.D. Pa. Feb. 1, 2012) (Conti, J). Two exceptions to this rule are when: (1) "the employee commits an act encompassing the use of force which is excessive and so dangerous as to be totally without responsibility or reason;" or (2) "[the employee commits assault] upon another for personal reasons or in an outrageous manner." *Costa*, 708 A.2d at 493.

In the case at bar, neither exception applies. First, the conduct by individual Defendants does not rise to a level that is "excessive and so dangerous as to be totally without reason." Much like in *Orr v. William J. Burns Int'l Detective Agency*, 12 A.2d 25 (Pa. 1940), individual Defendants were acting as guards for the property of some of the corporate Defendants. In *Orr*, the guard shot an individual, yet the Pennsylvania Supreme Court held that, "[a company is liable for the actions of an employee] when [], through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, [the employee] goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another." *Id*. at 27 (quoting *Brennan v. Merchant & Co*., 54 A. 891, 892 (Pa. 1903)). In the case at bar, Defendant Lattera showed the same lack of judgment and discretion and the infirmity of temper discussed in *Orr*. Thus, although Defendant Lattera was

charged for his assault of Plaintiff John Kaminski, the level of force did not rise to the level of being "excessive and so dangerous as to be totally without reason."

The fact that Defendant Lattera left his position directing traffic does not mean that he was no longer acting within the scope of his employment. Security guards leave their posted positions frequently when they believe it is necessary to protect their employer's interests. Corporate Defendants rely on *Costa*, but the case at bar is distinguishable. In *Costa*, the employee was a laundry worker who would have no reason to physically engage another person. *Costa*, 708 A.2d at 494. However, in the present case the employee was a security guard whose job inevitably includes physically confronting guests at Ross Park Mall.

Defendant Lattera also did not attack "for personal reasons or in an outrageous manner." Corporate Defendants argue that, because the Amended Complaint alleges that Defendant Lattera acted because he was cold, sore, and tired, Plaintiffs' Amended Complaint does not allege sufficient facts to state a claim against corporate Defendants. However, being cold, sore, and tired are not "personal reasons." Defendant Lattera was assigned to stand outside to perform his job duties. Thus, becoming cold, sore, and tired were normal in the course of his employment. In other words, Defendant Lattera was serving his employers. *R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 700 (Pa. Super 2000). The personal reasons exception is meant to cover cases where the employee attacks for personal enjoyment or gain. *Sanchez by Rivera v. Montanez*, 645 A.2d 383 (Pa. Commw. 1994). Although Defendant Lattera may have received some personal enjoyment from his actions, he was also serving his employer by attempting to direct traffic at Ross Park Mall, and warning those who did not follow his directions. Accordingly, neither exception applies, and corporate Defendants can be held liable for the acts of Defendant Lattera.

**B. Plaintiffs have Pled Sufficient Facts that Serowik was an Employee**

Contrary to corporate Defendants' argument, there is an explicit averment in the Amended Complaint that Defendant Serowik was an employee, not an independent contractor, of Simon Property Group and Penn Ross Joint Venture. Paragraph 141 of the Amended Complaint states that, "Defendants [Simon Property Group and Penn Ross Joint Venture] as employers/masters of [] Serowik…" Accordingly, Plaintiffs have pled sufficient facts that Simon Property Group and Penn Ross Join Venture can be held vicariously liable for the actions of Defendant Serowik.

**C. Sufficiency of Facts for the Negligence Claims**

**1. Plaintiffs Have Pled Sufficient Facts for the Negligent Hiring and Supervision Claims**

Finally, corporate Defendants argue that Plaintiffs have failed to plead sufficient facts for negligent hiring, training, or supervision. Doc. No. 26, 8-11. "[A]n employer may be held negligent for the failure to exercise reasonable care in determining an employee's propensity for violence in an employment situation where the violence would harm a third person." *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 42 (Pa. Super. 2000) (citing *Dempsey v. Walso Bureau, Inc.,* 246 A.2d 418 (Pa. 1968)).

Plaintiffs make such averment in their Amended Complaint with regard to Mydatt. Paragraphs 131 and 132 of the Amended Complaint aver that if Mydatt had done a reasonable background investigation of Defendant Lattera, it would have uncovered previous criminal offenses. Doc. No. 22, ¶ 131-32. The Amended Complaint further avers that if Mydatt had conducted such a background investigation, it would have uncovered his propensity for harming

others. Id., ¶ 133. These facts meet the requirements of *Brezenski*. These same alleged facts are incorporated into the Count against Penn Ross Joint Venture and Simon Property Group by paragraph 136 of the Amended Complaint. Thus, Plaintiffs have pled sufficient facts to maintain the negligent hiring and supervision claims.

**2. Plaintiffs have Pled Sufficient Facts for the Negligent Training Claims Against Penn Ross Joint Venture and Simon Property Group but Not Against Mydatt**

Corporate Defendants cite no cases, and this Court has not found any cases, which promulgate a standard for negligent training different than the normal negligence standard. In order to prove a prima facie case for negligence, Plaintiffs must show that corporate Defendants: (1) had a duty to train their employees; (2) breached that duty; and (3) the breach of that duty caused Plaintiffs harm. *Vazquez v. CHS Prof'l Practice, P.C.*, -- A.3d --, 2012 WL 540580 (Pa. Super Feb. 21, 2012) (citing *Hightower–Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997)).

In this case, corporate Defendants concede they have a duty to train and supervise their employees. They argue that they did not breach that duty. Doc. No. 26, 8-10. However, Plaintiffs have pled sufficient facts that Penn Ross Joint Venture and Simon Property Group have breached their duty. Paragraphs 144 and 146 of the Amended Complaint allege, in very specific terms, how Penn Ross Joint Venture and Simon Property Group breached their duty to properly train individual Defendants.

On the other hand, there are no such averments with respect to Mydatt. Paragraphs 128 and 129 of the Amended Complaint are mere conclusory statements. There are no facts pled to maintain a cause of action for negligent training against Mydatt. Thus, Plaintiffs' negligent training claims against Penn Ross Joint Venture and Simon Property Group may proceed, but the negligent training claim against Mydatt will be dismissed.

**3. Ostensible Agency Theory**

The Court need not address corporate Defendants arguments related to ostensible agency theory because the above analysis does not rely on ostensible agency theory.

**V. Conclusion**

In sum, corporate Defendants can be held vicariously liable for the actions of individual Defendants. Plaintiffs have also pled sufficient facts for negligent hiring, supervision, and training claims against Penn Ross Joint Venture and Simon Property Group. Plaintiffs have pled sufficient facts for negligent hiring and supervision claims against Mydatt.

Accordingly, corporate Defendants' Motion to Dismiss (Doc. No. 25) will be **GRANTED in PART and DENIED in PART.**

An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties